1  MARA W. ELLIOTT, City Attorney
   M. TRAVIS PHELPS, Assistant City Attorney
2  ERIN LINDSEY BENLER-WARD, Deputy City Attorney
   California State Bar No. 290316
3         Office of the City Attorney
          1200 Third Avenue, Suite 1100
4         San Diego, California 92101-4100
          Telephone:  (619) 533-5800
5         Facsimile:  (619) 533-5856

6  Attorneys for Defendant

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  CAMERON EDWARDS,                ) Case No.  24-cv-1118-JAH-AHG
                                    )
11            Plaintiff,            ) **NOTICE OF MOTION AND**
                                    ) **MOTION TO DISMISS**
12       v.                         ) **COMPLAINT, OR IN THE**
                                    ) **ALTERNATIVE, MOTION FOR**
13  CITY OF SAN DIEGO; SCOTT WAHL,  ) **MORE DEFINITE**
    SDPD Chief of Police; DAVID NISLEIT,) **STATEMENT; MEMORANDUM**
14  Former SDPD Chief of Police, Individual ) **OF POINTS AND**
    Capacity; MATTHEW A. JORGE, SDPD ) **AUTHORITIES**
15  Officer ID#1310; JOEL J. CHAVEZ, )
    SDPD Officer ID#l699; TRAVIS J.  ) [Declaration of E Benler-Ward; and
16  SHIHADEH, SDPD Officer ID#1658;  ) Request for Judicial Notice filed
    KAMERON J. CHASE, SDPD Officer   ) concurrently]
17  ID#l688; JOHN A. DOE, SDPD Patrol )
    Sergeant; JOHN B. DOE, SDPD      ) [FRCP 12(b)(6)]
18  Domestic Violence Sergeant; John C. )
    Doe, SDPD Lieutenant; KATHY      ) Date:  September 18, 2024
19  MINELLA; STEPHANIE BLUMBERG.     ) Time: 2:00 p.m.
                                    ) Judge:  John A. Houston
20            Defendants.           ) Court Room:  13B
                                    )
21  _____ )

22       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE THAT on September 18, 2024, in Courtroom 13B

24  at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-

25  captioned court, located at 221 W. Broadway, San Diego, California, 92101,

26  Defendant CITY OF SAN DIEGO will move to dismiss, or, in the alternative,

27  move for a clear and concise statement, of Plaintiff's Complaint. The Complaint

28  should be dismissed on the following grounds:

Document Number: 3719632                    1

(1) Pursuant to 12(b)(6) for failing to state a claim upon which relief may be granted;

(2) pursuant to FRCP 8(a) for failing to state clear, concise and plain statements of parties, causes of action and relief sought; and

(3) in the alternative, for a more definite statement pursuant to FRCP 12(e).

This Motion to Dismiss is based upon the pleadings and the memorandum of points and authorities served and filed with this motion, and on any such other and further matters as the Court may accept at the hearing on this motion.

Dated:  August 1, 2024                    MARA W. ELLIOTT, City Attorney

By _____
Erin Lindsey Benler-Ward
Deputy City Attorney

Attorneys for Defendant

1  MARA W. ELLIOTT, City Attorney
   M. TRAVIS PHELPS, Assistant City Attorney
2  ERIN LINDSEY BENLER-WARD, Deputy City Attorney
   California State Bar No. 290316
3       Office of the City Attorney
        1200 Third Avenue, Suite 1100
4       San Diego, California 92101-4100
        Telephone:  (619) 533-5800
5       Facsimile:   (619) 533-5856

6  Attorneys for Defendant CITY OF SAN DIEGO

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10 CAMERON EDWARDS,                ) Case No.  24-cv-1118-JAH-AHG
                                   )
11         Plaintiff,              ) **DEFENDANT'S MOTION TO**
                                   ) **DISMISS PURSUANT TO**
12     v.                          ) **FEDERAL RULES OF CIVIL**
                                   ) **PROCEDURE RULES 8 AND 12**
13 CITY OF SAN DIEGO; SCOTT WAHL,  )
   SDPD Chief of Police; DAVID NISLEIT,)
14 Former SDPD Chief of Police, Individual )
   Capacity; MATTHEW A. JORGE, SDPD)
15 Officer ID#1310; JOEL J. CHAVEZ, ) Judge:  John A. Houston
   SDPD Officer ID#l699; TRAVIS J.  ) Court Room:  13B
16 SHIHADEH, SDPD Officer ID#1658;  )
   KAMERON J. CHASE, SDPD Officer   )
17 ID#l688; JOHN A. DOE, SDPD Patrol )
   Sergeant; JOHN B. DOE, SDPD      )
18 Domestic Violence Sergeant; John C. )
   Doe, SDPD Lieutenant; KATHY      )
19 MINELLA; STEPHANIE BLUMBERG. )
                                   )
20         Defendants.             )
                                   )
21 _____)

22 **I.     INTRODUCTION**

23         Plaintiff CAMERON EDWARDS, a California licensed attorney, filed this

24 Civil Rights action pursuant to 42 U.S.C. §§ 1983 against movant City of San

25 Diego, nine current or former San Diego Police Department employees, and two

26 lawyers for his ex-wife for alleged civil rights violations which appear to have

27 arisen out of an April 16, 2024 event at his home. Attached to the Form Complaint

28 / / /

are eight exhibits totaling 108 pages and Plaintiff's declaration. (Complaint, ECF No.1 at pg. 3 ¶ 1.)

Plaintiff's Complaint is defective because it lacks a cognizable legal theory and fails to state sufficient facts under any recognized cause of action. Since Plaintiff cannot cure the deficiencies by amendment, Defendant City of San Diego respectfully requests the Court dismiss the Complaint with prejudice, or in the alternative, grant this motion for more definite statement.

## II.    ARGUMENT

### a. The Complaint Should be Dismissed because it Does Not Comply with FRCP 8.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Each allegation "must be simple, concise and direct." FRCP 8(d)(1). The rule requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block,* 932 F. 2d 795, 798 (9th Cir. 1991); *see McHenry v. Renne,* 84 F. 3d 1172, 1177 (9th Cir., 1996).

Rule 8 requires "sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570) 2007). The Supreme Court also clarified that the pleading requirement under Rule 8 requires more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . ." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each

averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry, supra*, 84 F. 3d at 1179.

Plaintiff never simply, clearly, and concisely states the specific facts that underlie his cause of action. Instead of providing a short and plain statement as required by Rule 8, Plaintiff supplied a puzzle that defendants must solve in order to tease out the legal claims asserted against them. The Ninth Circuit has recognized that "confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry, supra,* 84 F. 3d at 1179-80. Defendants should not be required to weed through Plaintiff's disorganized complaint to determine what allegations are leveled at each defendant.

Additionally, allowing the Complaint to stand as is will leave the Court without sufficient information to rule on future motions regarding immunity, statutes of limitation, and potential liability. The Complaint does not put the Court or the defendants on notice of the claims and fails to concisely allege relevant facts about "who is being sued, for what relief, and [under] what theory." *Id.* at 1178. In sum, defendants have no "clear statement of claims" and are denied a "fair opportunity to frame a responsive pleading. . ." *Id.* at 1174.

Accordingly, Defendant City of San Diego respectfully requests that this Court grant the motion to dismiss Plaintiff's Complaint pursuant to Rule 8.

**b. The Complaint Should be Dismissed because it Does Not Comply with FRCP 12.**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a case if the complaint fails to state a claim upon which relief can be granted. A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a motion pursuant to Rule 12(b)(6), a trial court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by

reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court must construe the pleadings "in the light most favorable to the plaintiff," and "must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

The standard on a motion to dismiss under Rule 12(b)(6) is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Further, a trial court has discretion to dismiss a complaint without leave to amend if the court concludes that dismissal is appropriate. *Lopez v. Smith,* 203 F.3d 1122, 1127, 1130 (9th Cir. 2000). Where the defect in the pleading cannot be cured, the trial court should dismiss the complaint without leave to amend. *Id.* at 1127 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Courts have a duty to construe a pro se litigant's pleadings liberally. See *Lopez, supra*, 203 F.3d at 1130 (9th Cir. 2000). That liberal pleading standard, however, does not apply to pro se "practicing attorneys." *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023); *Steinmeyer v. American Association of Blood Banks*, 2024 WL 499478, at *4 (S.D. Cal., Feb. 8, 2024) ("To the extent solicitude /
/ / /

1   extends to plaintiffs who have attended law school or have past litigation

2   experience, said solicitude is generally reduced.")

3       A Plaintiff is required to plead facts sufficient to establish a viable cause of

4   action before a public entity can be liable for alleged constitutional violations. Here,

5   the Complaint does not allege facts which establish the requisite elements of the

6   cause of action alleged. Plaintiff's Complaint is vague because it alleges the

7   occurrence of events, and actions taken by unidentified defendants, but does not

8   link those events or actions to a specific theory of liability against the City or any of

9   the individual defendants. For example, Plaintiff appears to allege a Fourth

10  Amendment violation of the "[r]ight against unreasonable searches and seizures…"

11  (ECF No. 1 at pg. 3, section II. B.) But nowhere in the Complaint, Declaration, or

12  Exhibits does Plaintiff allege he was searched, allege there was a seizure, or that

13  such seizure was unreasonable.

14      Accordingly, Defendants ask that this Court dismiss Plaintiff's Complaint for

15  failure to comply with FRCP 12(b)(6).

16      **c.  Prayer for Punitive Damages Against City of San Diego Should Be**

17          **Struck**

18      Plaintiff appears to be seeking punitive damages against the City. (ECF No. 1

19  at pg. 5, Prayer for Relief at ¶ 2.) The law is clear that punitive damages are not

20  available against a municipal entity. *City of Newport v. Fact Concerts, Inc*., 453

21  U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42

22  U.S.C. § 1983"); Cal. Gov't Code § 818 ("Notwithstanding any other provision of

23  law, a public entity is not liable for damages awarded under Section 3294 of the

24  Civil Code or other damages imposed primarily for the sake of example and by way

25  of punishing the defendant.")

26      Accordingly, City of San Diego respectfully requests that this Court strike

27  the prayer for punitive damages against it.

28  / / /

### d.  Prayer for Injunctive Relief Should Be Struck because it Does Not Comply with FRCP 65 or FRCP 12.

Plaintiff appears to be seeking an injunction against the City. (ECF No. 1 at pg. 5, Prayer for Relief at ¶ 3.) A Plaintiff seeking injunctive relief must comply with the requirements of Federal Rule of Civil Procedure 65, which Plaintiff has failed to do here. Additionally, Plaintiff's Complaint fails to plead the requirements for injunctive relief, which is "an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).

To obtain a preliminary injunction, a plaintiff must establish (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [their] favor," and (4) "that an injunction is in the public interest." *N.D. Reykdal*, No. 23-35580, 2024 WL 2309457, at *6 (9th Cir. May 22, 2024) citing *Cascadia Wildlands v. Thrailkill*, 806 F.3d 1234, 1240 (9th Cir. 2015). Further, an injunction is unavailable where there is no continuing violation of law. See *Green v. Mansour*, 474 U.S. 64, 67-68 (1985).

The Complaint fails to allege facts establishing any of the requirements for the extraordinary remedy that a preliminary injunction requires. As such, City of San Diego respectfully requests the prayer for injunctive relieve be stricken.

### e.  In the Alternative, Defendant Moves for a More Definite Statement

Rule 12(e) states that a party may move for a more definite statement before interposing a responsive pleading when "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e). In the event this Court does not dismiss Plaintiff's Complaint for the reasons stated above, Defendant moves for a more definite statement of Plaintiff's entire original complaint. As written,

*/ / /*

Plaintiff's allegations and claims are unclear and do not permit this Defendant nor any other named defendant a reasonable opportunity to respond.

## III.    CONCLUSION

For any of the reasons stated above, Defendant respectfully ask that this Court dismiss Plaintiff's Complaint without leave to amend for failing to comply with Federal Rules of Civil Procedure 8 and 12.

In the alternative, Plaintiff should be required to provide: a more definite statement of his claims; a clear, concise, and direct statement of the relief requested; and a clear, concise statement of the alleged basis under which Plaintiff is entitled to relief.

Dated:  August 1. 2024                    MARA W. ELLIOTT, City Attorney

By _____
                                                        Erin Benler-Ward
                                                        Deputy City Attorney

Attorneys for Defendant