UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; et al.,<br><br>Defendants. | Case No.: 3:24-cv-1118-JAH-BJC<br><br>**ORDER:**<br><br>**GRANTING DEFENDANT'S MOTION TO DISMISS; and**<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE.**<br><br>**[ECF No. 3]** |

# INTRODUCTION

Pending before the Court is Defendant City of San Diego's ("Defendant" or "City of San Diego") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8 and 12, Motion to Strike or, in the alternative, Motion for a More Definite Statement. ECF No. 3 ("Motion" or "Mot."). Plaintiff Cameron Edwards ("Plaintiff"), proceeding pro se, filed a response in opposition to the Motion on September 4, 2024. ECF No. 7 ("Opposition" or "Opp'n"). Defendant filed a reply in support of its Motion on September 11, 2024. ECF No. 10 ("Reply"). Defendant's Motion is decided on the parties' briefs without oral argument pursuant to Civil Local Rule 7.1.d.1. After a thorough review of the parties'

submissions and for the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Strike.

## BACKGROUND

On June 27, 2024, Plaintiff filed a Complaint against Defendant, in addition to nine current or former San Diego Police Department ("SDPD") employees and two lawyers representing Plaintiff's wife[1] (collectively, "Individual Defendants"), alleging various civil rights violations pursuant to Title 42 U.S.C. § 1983.[2] ECF No. 1 ("Complaint" or "Compl."). In particular, Plaintiff claims violations of: his right against unreasonable searches and seizures; due process; enjoyment of life and liberty; property ownership; safety; privacy; free speech; security in his home; freedom from violence based on race, color, political affiliation, or sex; and equal protection under the law. *Id*. at 3.[3] Plaintiff contends that his wife and her attorneys acted "in concert" with SDPD officers as part of an alleged "conspiracy," and that the actions (or inactions) of the other Individual Defendants occurred within the scope of their employment with Defendant. *Id*. at 4.

The facts underlying this Complaint stem from events surrounding Plaintiff's contentious relationship with his wife beginning in April 2024. According to the Complaint, Plaintiff sought and obtained a temporary restraining order ("TRO") against his wife on April 15, 2024, based on allegations that he was being stalked from April 10 to April 13, 2024. *Id*.[4] On April 16, 2024, Plaintiff alleges that he asked two SDPD officers to serve and enforce the TRO. However, according to Plaintiff, the officers only served

---

[1] The Court notes that while the Complaint refers to Plaintiff's "wife," Defendant's Motion refers to Plaintiff's "wife" as "ex-wife." *Compare* Compl., *with* Motion. For consistency, the Court will refer to said individual as Plaintiff's "wife."
[2] Plaintiff is a licensed attorney in California proceeding pro se. Compl. at 5; Mot. at 3.
[3] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.
[4] Plaintiff alleges that the TRO required Plaintiff's wife to remain 100 yards away from Plaintiff and his home. Compl. at 4; ECF No. 1-3 at 4.

the TRO and refused to enforce it. *Id*. Instead of enforcing the TRO, Plaintiff claims that the officers prevented him from entering his own home, conducted a search of his home without his consent, and later re-entered his home despite a doormat with the statement "come back with a warrant" and weights barricading the door. *Id*. Because of the officers' conduct, Plaintiff claims to have suffered emotional distress causing him anxiety, depression, and post-traumatic stress disorder. *Id*. at 5. As a result, Plaintiff claims he has been unable to work as an attorney and that his symptoms have caused him "significant loss of enjoyment of life." *Id*.

Plaintiff seeks a total of $32,071,000 in actual damages (*e.g.*, $11,000 in lost wages, $2,000,000 in past and future medical expenses, $14,000,000 in lost earning capacity, and $16,060,000 in non-economic damages including reputational harm, emotional distress, personal humiliation, and mental anguish and suffering). *Id*. In addition, Plaintiff seeks $64,142,000 in punitive damages for SDPD's alleged failure to ensure its procedures and training policies comply with California law and for failure to adequately handle incidents of domestic violence. *Id*. Lastly, Plaintiff seeks a preliminary injunction against Defendant and Individual Defendant Scott Wahl (Chief of SDPD) to amend SDPD policies and direct SDPD officers to consider the intent of the California Legislature's laws designed to protect domestic violence victims and the history of domestic abuse between the affected parties. *Id*.

## DISCUSSION

Defendant currently seeks dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), or in the alternative, moves for a more definite statement under Rule 12(e). Mot. at 2. In addition, Defendant moves to strike Plaintiff's request for punitive damages and preliminary injunctive relief. *Id*. at 7-9.

**A. Rule 8**

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief

sought. Fed.R.Civ.P. 8(a). Rule 8(d) further requires each allegation to be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). The purpose of Rule 8 is to provide a defendant with fair notice of the claims alleged and the grounds on which those claims rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Rule 8 standard does not demand "'detailed factual allegations,'" it does mandate "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). The standards set by Rule 8, requiring that each allegation be pled simply, concisely, and directly, "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. (citations omitted). While failure to comply with Rule 8 can justify dismissal, the court should first consider "less drastic alternatives" such as permitting amendments to the complaint or granting additional time. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). However, the Court is not required to exhaust all possible options before dismissing a case. *Id*.

Here, Defendant argues that Plaintiff's Complaint should be dismissed for failure to comply with Rule 8 on two grounds. Mot. at 4-5. First, Defendant contends Plaintiff fails to provide a "clear statement of claims" and instead presents a "puzzle" of facts giving rise to his cause of action. *Id*. at 5. Second, Defendant asserts the Complaint fails to provide the Court or Defendant with notice of the claims presented and lacks facts necessary to determine "who is being sued, for what relief, and [under] what theory." *Id*. (alteration in original). Specifically, Defendant argues an inability to discern what claims are brought against which defendants, thereby denying them a "fair opportunity to frame a responsive pleading." *Id*. In response, Plaintiff insists his Complaint "clearly complies with Rule 8" because it includes only two paragraphs of factual allegations for Defendant to consider. Opp'n at 5.

The Court agrees with Defendant and finds Plaintiff's Complaint contains only imprecise and vague allegations, which fail to comply with Rule 8.  While Plaintiff's Complaint includes only about two paragraphs of factual allegations, it fails to provide a clear statement of claims.  Compl. at 4.  Instead, his Complaint presents a disorganized and unclear narrative making it difficult to determine which allegations pertain to which Defendants.  For example, Plaintiff's factual allegations do not name the specific officers involved in the incident, but rather only reference unidentified "officers" without distinguishing their alleged wrongful actions or explaining how those actions give rise to particular claims.  *Id*.  Further, Plaintiff's Complaint makes a vague reference to "a conspiracy," but fails to provide any additional details regarding the subject matter of the conspiracy other than the fact that Individual Defendants Kathy Minella and Stephanie Blumberg allegedly "acted in concert" with Plaintiff's wife and officers of the SDPD as part of a conspiracy.  *Id.*

By failing to link Individual Defendants to specific allegations, Plaintiff impermissibly asks Defendant and this Court to speculate which claims pertain to which Defendant.  But Rule 8 forbids such vague and ambiguous pleadings. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of *his claim against each defendant* to satisfy Federal Rule of Civil Procedure 8(a)(2)") (emphasis added); *see also Manukyan v. Cach*, LLC, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) ("A court should dismiss a complaint that makes undifferentiated allegations against multiple defendants . . . ") (citations omitted).  Indeed, other district courts within this Circuit have dismissed a plaintiff's claims for failure to adequately provide notice to specific defendants. *See, e.g.*, *Miller v. Unknown*, 2022 WL 3016192, at *3 (C.D. Cal. Feb. 22, 2022) (finding dismissal proper under Rule 8 where the plaintiff failed to provide fair notice by not identifying specific defendants, detailing their alleged conduct, or explaining the legal basis for the claims, aside from one individual); *Sheldon v. San Quentin Staff*, 2024 WL 219263, at *4-5 (N.D. Cal. Jan. 19, 2024) (dismissing complaint where plaintiff failed to link named defendants to specific allegations).

As a result, this Court finds that Plaintiff's Complaint fails to comply with Rule 8 because it fails to provide a clear and concise statement of claims or sufficient factual allegations to give Defendant fair notice of the particular claims alleged against it. Nevertheless, even if this Court were to consider the merits of Plaintiff's allegations, they still fail to meet the plausibility standard under Rule 12(b)(6), as discussed below.

**B. Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is "plausible" when the facts permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotations and citations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint and documents attached to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim,

1  the court should grant leave to amend unless it determines that the deficiencies could not
2  possibly be cured. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

3  Defendant argues Plaintiff's Complaint should be dismissed pursuant to Rule
4  12(b)(6) for a failure to allege facts sufficient to establish the requisite elements of the
5  cause of action alleged. Mot. at 7. Defendant contends the Complaint is "vague" because
6  it fails to draw a causal connection between the occurrence of certain events by unidentified
7  officers and a specific legal theory of liability against Defendant. *Id*. Plaintiff opposes
8  dismissal, asserting that Defendant's arguments are meritless because the Complaint
9  alleges "unreasonable searches of his home by four different officers" without a warrant
10 and without his consent in addition to an unreasonable seizure of his person. Opp'n at 5-
11 6.

12 Here, Plaintiff's theory of liability suggests that Defendant, a municipality, is liable
13 under section 1983 for the actions of the SDPD officer Individual Defendants who
14 purportedly acted within the scope of their employment as part of an unknown conspiracy.
15 Compl. at 4. To state a section 1983 claim against a governmental entity, known as a
16 "*Monell* claim," a "plaintiff must establish: (1) that he possessed a constitutional right of
17 which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts
18 to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is
19 the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v.*
20 *Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S.
21 378, 389-91 (1989)); *see also Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91
22 (1978).

23 However, based on Plaintiff's allegations, the Court is unable to find sufficient
24 factual allegations necessary to establish his section 1983 claims against the City of San
25 Diego. More specifically, Plaintiff's Complaint fails to allege that any municipal policy or
26 custom was the moving force behind the alleged constitutional violation. *See Bd. of Cnty.*
27 *Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (requiring "a plaintiff
28 seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy'

or 'custom' that caused the plaintiff's injury") (internal citations omitted); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights") (citing *Monell*, 436 U.S. at 694). Further, while the described events, occurring between April 10 and April 16, 2024, primarily concern Plaintiff's interactions with unidentified officers at his residence on April 16, the Complaint lacks factual allegations necessary to support a plausible *Monell* claim against Defendant—the City of San Diego. *See Dougherty*, 654 F.3d at 900-01 (plaintiff's complaint "lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the City . . . or that the custom or practice was the 'moving force' behind his constitutional deprivation.").

Instead, Plaintiff's allegations rely on a theory of *respondeat superior*—that is, his claims suggest the City of San Diego should be liable for the alleged unconstitutional acts of its employees. But it is well-established that a municipality cannot be held vicariously liable for the acts of its employees under section 1983. *Monell*, 436 U.S. at 691 ("a municipality cannot be held liable under § 1983 on a *respondeat superior* theory") (emphasis in original); *see also Brown*, 520 U.S. at 403 ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*."); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). As a result, Plaintiff fails to provide sufficient facts in support of his section 1983 claim, rendering the Complaint insufficient under Rule 12(b)(6).[5]

---

[5] Though Plaintiff attaches exhibits related to his state-court domestic violence matter, including various TROs and a signed declaration by Plaintiff himself, these documents do not remedy the deficiencies in Plaintiff's Complaint. Further, while Plaintiff includes additional factual allegations in his Opposition to Defendant's Motion (including, for example, "that officers entered his home without a warrant despite his express non-consent . . . and remained in [his] home despite repeated requests for them to leave" (Opp'n at 5)),

The Court notes that while pleadings submitted by pro se litigants are to be liberally construed when facing a motion to dismiss in the Ninth Circuit (*Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019)), a pro se litigant who is a licensed attorney is not entitled to the "special consideration" typically extended to unrepresented parties. *Huffman v. Lindgren*, 81 F.4th 1016, 1019-21 (9th Cir. 2023). Here, Plaintiff is a pro se litigant who is also a licensed attorney. Thus, the standard leniency provided to a pro se litigant in a 12(b)(6) motion does not apply. *Id.* at 1021. Accordingly, Defendant's Motion to Dismiss is **GRANTED with leave to amend**.[6]

### C. Punitive Damages

Plaintiff seeks punitive damages totaling $64,142,000 for SDPD's alleged failure in ensuring certain procedures and protocol were met. Compl. at 5. Defendant argues punitive damages are not available against a municipal entity under section 1983 and therefore asks the Court to strike Plaintiff's request against Defendant. Mot. at 7. However, in his opposition, Plaintiff clarifies he "is not requesting punitive damages against the City of San Diego," but rather "he is requesting punitive damages against David Nisleit in his [i]ndividual [c]apacity[.]" Opp'n at 6.

Accordingly, Defendant's Motion to Strike Punitive Damages against Defendant is **DENIED as moot**.

### D. Preliminary Injunction

Lastly, Plaintiff seeks a preliminary injunction against Defendant and Scott Wahl, Chief of SDPD, to compel amendments to SDPD policies regarding domestic violence. Compl. at 5. Defendant argues the Court should strike Plaintiff's request for failure to comply with Federal Rule of Civil Procedure 65 and for failure to meet the requirements

---

the Court cannot consider new allegations presented in an opposition. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that new allegations raised in an opposition "are irrelevant for 12(b)(6) purposes").

[6] Given the Court's dismissal of Plaintiff's Complaint, the Court need not consider Defendant's Motion for a More Definite Statement.

for preliminary injunctive relief as established in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Mot. at 8. Plaintiff does not address Defendant's argument in his opposition. *See generally* Opp'n.

Under *Winter*, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20 (internal citations omitted). Indeed, a preliminary injunction is an "extraordinary remedy" that requires a clear showing of entitlement to relief. *Id*. at 24. But here, Plaintiff has not demonstrated—much less alleged—that he will suffer irreparable harm if the Court does not compel amendments to SDPD policies regarding domestic violence. In fact, Plaintiff's request is entirely devoid of factual allegations or legal arguments necessary to demonstrate a clear showing of entitlement to relief. Because the Court finds this deficiency cannot be cured by amendment, Defendant's Motion to Strike Plaintiff's Request for a preliminary injunction is **GRANTED with prejudice**.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss is **GRANTED with leave to amend**;
2. Defendant's Motion to Strike Plaintiff's request for punitive damages against Defendant is **DENIED as moot**;
3. Defendant's Motion to Strike Plaintiff's request for a preliminary injunction is **GRANTED with prejudice**;
4. The Court **GRANTS** Plaintiff twenty-one (21) days leave, from the filing date of this Order, to file an amended complaint to cure the deficiencies noted. Plaintiff is cautioned, however, that should he choose to file an amended complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, and any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

(9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled").  A failure to do so will result in the dismissal of this action with prejudice.

DATED:  December 6, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

11

3:24-cv-1118-JAH-BJC