UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CAMERON EDWARDS

Plaintiff,

v.

CITY OF SAN DIEGO, et al.

Defendants.

Case No.:  3:24-cv-01118-JAH-SBC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**[ECF No. 39]**

**INTRODUCTION**

Pending before the Court is Defendants Kathy Minella and Stephanie Blumberg's ("Defendants") Motion to Dismiss with Prejudice pursuant to Federal Rules of Civil Procedure 41(b), filed on November 12, 2025.  ECF No. 39 ("Motion" or "Mot.").  After thorough review of the parties' submissions and for the reasons discussed in this order, the Court **GRANTS** Defendants' Motion to Dismiss with Prejudice.

**BACKGROUND**

On June 27, 2024, Plaintiff Cameron Edwards ("Plaintiff"), a licensed attorney proceeding pro se, filed a complaint ("Complaint") against Defendants in addition to the City of San Diego and numerous San Diego Police Department Officers (collectively "Codefendants") under 42 U.S.C. Section 1983.  ECF No. 1.  On December 6, 2024, the Court granted Codefendants' 12(b)(6) motion to dismiss the Complaint (ECF No. 3), with the option for the Plaintiff to file a first amended complaint ("FAC").  ECF No. 16.

1

On December 27, 2024, Plaintiff filed a FAC against both Defendants and Codefendants. ECF No. 19. On January 13, 2025, Defendants and Codefendants filed separate motions to dismiss the FAC. ECF Nos. 23, 24. On September 10, 2025, the Court granted Defendants' 12(b)(6) motion to dismiss with leave to amend, giving Plaintiff the option to file a second amended complaint ("SAC") "no later than October 10, 2025." ECF No. 35 at 18.

By October 10, 2025, Plaintiff did not file a SAC, a notice of intent not to amend, an agreement to stipulate to entry of judgement, or any other action regarding failure to timely file the SAC. On October 20, 2025, Defendants' counsel sent a meet and confer email to Plaintiff asking if he would stipulate an entry of judgement or oppose the Motion. Mot. at 9. Plaintiff responded on October 23, 2025, stating he "would be opposed but . . . was not sure at the moment" and would hopefully get back to them by the end of the week. *Id.* at 10. On November 12, 2025, Defendants filed the Motion after getting no further response from Plaintiff and the Court set a hearing for December 10, 2025. ECF No. 39.

Plaintiff's opposition to the Motion was due November 26, 2025. S.D. CivLR 7.1(e)(2) (opposition must be filed no later than 14 calendar days prior to noticed hearing). On November 24, 2025, Plaintiff replied to Defendants' meet and confer email, stating, "I still don't understand (1) why this is necessary and (2) whether I would be prejudicing myself by agreeing to such a motion if additional facts are uncovered during discovery." ECF No. 44 at 8. By November 26, 2025, Plaintiff did not file an opposition. On December 3, 2025, Defendants filed a notice of a non-filed opposition. ECF No. 44.

## LEGAL STANDARD

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to timely prosecute his claim. ECF No. 39. Courts may dismiss a claim if the plaintiff fails to comply with a court order or fails to prosecute their case. Fed R. Civ. P. Rule 41(b). To determine if dismissal is appropriate, the Court will review five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy

2

favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

To fail to prosecute one's case, a plaintiff must fail to act relating to their complaint rather than take an action that the court disagrees with. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Additionally, Defendants' request is to dismiss with prejudice, which is considered a sanction to be imposed only in "extreme circumstances." *Id.* at 1063 (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)). A dismissal requires a minimum of four factors that favor such an action, or three factors that strongly support it, in order to be deemed appropriate. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992). The Ninth Circuit has historically given courts discretion on what constitutes "favors" and "strongly favors" and will only intervene if they find a "definite and firm conviction that the court below committed a clear error of judgement … upon a weighing of the relevant factors." *Yourish*, 191 F.3d at 989 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). It is generally preferred, but not required, that each factor is discussed explicitly by the court. *Ferdik*, 963 F.2d at 1261 (quoting *Malone*, 833 F.2d at 130).

Additionally, while pro se pleadings are construed liberally, a pro se litigant who is also a licensed attorney is not typically entitled to such consideration. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023).

## **DISCUSSION**

Defendants seek dismissal of Plaintiff's claim with prejudice due to his inaction in prosecution, representing that Plaintiff failed to file a SAC in a timely manner and failed to respond to their motions. Mot. at 2. Because of this, Defendants argue that Plaintiff's actions demonstrate that he has failed to prosecute his case and that the relevant circumstances favor dismissal with prejudice under the Federal Rules of Civil Procedure 41(b). *Id.* at 11.

//

//

3

3:24-cv-01118-JAH-SBC

## I. Factors Supporting Dismissal

### a. Public interest in expeditious resolution of litigation

Defendants argue that the public interest factor always leans towards dismissal, citing that "the public's interest in expeditious resolution of litigation always favors dismissal." Mot. at 12 (quoting *Yourish,* 191 F.3rd at 990).

Public interest is served by the Court's efficient proceedings, as it allows cases to be heard in a timely manner without unnecessary delay. *Yourish*, 191 F.3rd at 990. For this purpose, this element always favors dismissal. *Id.*

At the time of this Order, Plaintiff has missed the deadline to file their SAC by eight months, delaying any such resolution from occurring. Additionally, Plaintiff has not responded with a notice not to amend nor filed a motion to oppose the instant Motion in these eight months, thus meeting the inaction requirement. *Edwards*, 356 F.3d at 1065. Given the length of such a delay and Plaintiff's inaction, the Court finds that public interest strongly favors dismissal under 41(b).

### b. The Court's need to manage its docket

Next, Defendants argue the Court's need to manage its docket favors dismissal in this matter because Plaintiff's failure to timely file his SAC or take any action related to this matter disrupted the Court's schedule and control of the docket. Mot. at 12.

Courts have an inherent authority to control their docket and to determine how their resources can be best used. *Yourish*, 191 F.3d at 990. For this element to favor dismissal, the Court must determine that dismissing Plaintiff's complaint against Defendants would allow the Court's resources to be used more favorably elsewhere. *Ferdik*, 963 F.2d at 1261. In *Ferdik*, a year and a half was seen as a drain on the court's resources, "consuming large amounts of the court's valuable time," without any major progress occurring in the court. *Id.*; *see also Edwards*, 356 F.3d at 1065 (where the court found that any case sitting idly on a docket consumes resources).

This case has been with the Court for almost two years, with the instant motion lying dormant on the docket for several months without any response from Plaintiff. By failing

to respond to the Motion or notifying the Court as to his next steps, Plaintiff has forced Defendants and the Court to proceed at Plaintiff's schedule rather than the Court's schedule. Given that dismissal would prevent the further usage of resources on a stagnant claim, the Court finds that docket management strongly favors dismissal under 41(b).

### c. Risk of prejudice to the defendants

Defendants next argue that Plaintiff's lack of communication has unfairly prejudiced Defendants by forcing them to suffer the costs of litigation without valid explanation or relief. Mot. at 12. Defendants further argue that even if an excuse is given after such delays, it would not be enough to justify further litigation. *Id.* at 13.

Prejudice occurs when a case is extended or delayed unreasonably to the point where the parties are stuck in proceedings without relief, forcing them to expend additional resources unnecessarily. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). To this extent, courts must hold plaintiffs accountable for the cases that they bring forth, as the plaintiff is the reason defendants are present in court. *See Aboy v. Wash. Mut. Bank*, No. 12-CV-0699 AJB (MDD), 2012 U.S. Dist. LEXIS 143406, at 7-8 (S.D. Cal. Oct. 2, 2012). Reasonable delays that are inherent to the practice of law, or for an acceptable reason, are not sufficiently prejudicial. *Yourish*, 191 F.3d at 991. However, without a reason or a reason so flimsy it is deemed insufficient by the court, keeping the defendants locked in litigation is prejudicial to their interests. *Id.*; *see also Van Poppenheim v. Portland Boxing & Wrestling Com.*, 442 F.2d 1047, 1054 (9th Cir. 1971) (defendants have a right to be free from costly and harassing litigation).

Here, Plaintiff has not given any excuse nor reasons as to why he has not yet submitted a SAC or a notice stating that he has chosen not to amend, resulting in several months of silence. While the Court acknowledges the time it takes to properly prepare documents, the Court must also acknowledge that Plaintiff has missed their deadline to file his SAC by over half a year while also failing to file a response to the instant Motion. While this could be excused with valid cause or exceptional circumstances, Plaintiff has failed to provide any such justification to the Court. As the prejudice of keeping

3:24-cv-01118-JAH-SBC

Defendants locked in litigation without relief outweighs the lack of any valid excuses from Plaintiff, the Court finds that the risk of prejudice strongly favors dismissal in these circumstances.

### d.  Public policy favoring disposition of cases on their merits

Defendants argue that while public policy generally favors solving cases on their merits, the current case has become so unreasonably delayed that resolution is no longer possible.  Mot. at 14.

Public policy generally favors handling cases on their merits so that any alleged wrongs may be addressed fully, especially in matters regarding the violation of one's rights. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, courts may dismiss some claims if they impede the case itself.  *See In re Phenylpropanolamine*, 460 F.3d at 1228.  In *In re Phenylpropanolamine*, court proceedings were locked due to the hundreds of claims that were attempting to join the proceedings but failed to provide the necessary paperwork, causing dismissal of some claims to be necessary for others to be heard.  *Id.* at 1226.  As the case as a whole would still be heard, the delay caused by the plaintiffs "substantially neutralize[d] the negative affect" against dismissal that this factor usually has.  *Id.*  at 1237.

Similarly, dismissal of Plaintiff's claims against Defendants would not be against public policy as Plaintiff's case would still be able to be litigated.  While the severity that accompanies the alleged breach of Plaintiff's civil rights must be considered (ECF No. 1), the dismissal of the claims against Defendants Minella and Blumberg would not preclude Plaintiff from receiving justice, as Plaintiff would still be able to litigate his claims against Codefendants.  This fact, when considered along with the overall delay introduced into this case by Plaintiff's failure to timely file his SAC, essentially neutralizes any impact this factor has towards dismissal.  *In re Phenylpropanolamine*, 460 F.3d at 1237.  As Plaintiff would still be able to proceed in his case even after dismissal of his claims against Defendants, the Court finds this factor does not counsel against dismissal under 41(b).

//

6

3:24-cv-01118-JAH-SBC

### e. Availability of less drastic alternatives

Defendants argue that Plaintiff has already been given enough chances in this case, having been given the opportunity to amend not only his Complaint but also his FAC. Mot. at 15. Given these opportunities and Plaintiff's delay in filing his SAC, Defendants allege that any action besides complete dismissal would be ineffective. *Id.*

A dismissal under 41(b) is a sanction that removes the case with prejudice, to be done only in the most extreme of circumstances. Fed R. Civ. P. Rule 41(b), *see also Edwards,* 356 F.3d at 1063. For this element to favor dismissal, the Court will examine what other alternatives to dismissal exist and if it is in the interest of justice to use these other options. *In re Phenylpropanolamine*, 460 F.3d at 1229. Dismissing with prejudice without consideration of alternatives may be seen as an abuse of discretion. *Yourish*, 191 F.3d at 992. However, should alternatives such as leave to amend or other lesser sanctions be offered and fail to rectify the situation, dismissal with prejudice becomes appropriate. *Ferdik,* 963 F.2d at 1262.

The Court has already considered and granted less drastic measures to Plaintiff, offering time to amend the Complaint as well as the legally deficient FAC. *See* ECF No. 35 at 10 ("the Court finds it appropriate to provide Plaintiff one final opportunity to amend to set forth allegations that state a claim"). Additionally, the Court did not apply harsher sanctions when requested, ensuring that Plaintiff could bring forth actionable claims. *Id.* (where the Court granted Defendants' Motion to Dismiss but did not grant Defendants' request that such dismissal be with prejudice). Despite these opportunities, Plaintiff's choice not to file his SAC or inform the Court of his decision demonstrates that lesser sanctions were not sufficient in these circumstances. As the alternatives provided to Plaintiff have failed to bear fruit in this case, the Court finds that the lack of less drastic alternatives strongly favors a dismissal under 41(b).

As the Court has determined that four factors strongly favor a dismissal under 41(b), the Court finds dismissal in this case to be both appropriate and necessary.

//

3:24-cv-01118-JAH-SBC

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED**

1. Defendants Kathy Minella's and Stephanie Blumberg's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) is **GRANTED**;

2. Plaintiff's causes of action against Defendants are **DISMISSED WITH PREJUDICE** for lack of prosecution.

**IT IS SO ORDERED.**

Dated:  July 9, 2026

_____
Hon. John A. Houston
United States District Judge

3:24-cv-01118-JAH-SBC